**MEMORANDUM DECISION**

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 28 2018, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard J. Campos,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 28, 2018

Court of Appeals Case No.
69A01-1710-CR-2450

Appeal from the Ripley Circuit Court

The Honorable Ryan King, Judge

Trial Court Cause No.
69C01-1701-F4-001

**Pyle, Judge.**

## Statement of the Case

[1] Richard J. Campos, Jr. ("Campos"), appeals the sentence the trial court imposed after he pled guilty to Level 4 felony operating a vehicle while

intoxicated ("OVWI") causing death[1] and to being an habitual offender.[2]  He argues that his enhanced thirty (30) year executed sentence was inappropriate and asks us to revise it under Indiana Appellate Rule 7(B).  Because Campos has failed to show that his sentence was inappropriate, we affirm the trial court's sentence.

[2]  We affirm.

# Issue

Whether Campos' sentence was inappropriate.

# Facts

[3]  Campos operated a vehicle while intoxicated on the night of December 26, 2016 and crashed into a tractor on State Road 350.[3]  Sixty-five-year-old Hubert E. Brown ("Brown") was driving the tractor at the time of the crash and ultimately died from his injuries.

[4]  Indiana State Trooper Kyle Adam Black ("Trooper Black") was called to the scene of the accident and found Brown lying in the Eastbound lane and receiving medical treatment.  He approached Campos' car and "could

---

[1] IND. CODE § 9-30-5-5(a)(3).

[2] IND. CODE § 35-50-2-8.

[3] We have included facts established at the sentencing hearing because Campos' factual basis for his guilty plea included only the fact that he had operated a vehicle while intoxicated and caused Hubert E. Brown's death.

immediately smell the odor of an alcoholic beverage emitting from the vehicle." (Tr. Vol. 2 at 28). He also observed a half-bottle of Kessler liquor and a pill bottle on the floor of the vehicle. When he interviewed Campos, who was sitting in the car, Campos told him that he "had been drunk for approximately three (3) days and had drunk approximately fifteen (15) [B]udweisers prior to the crash." (Tr. Vol. 2 at 28). Trooper Black administered a portable breathalyzer test, and Campos "laughingly asked [him] what his result was."[4] (Tr. Vol. 2 at 30). Trooper Black then took Campos for a blood draw, which revealed that Campos' blood alcohol level was .289, more than three times the legal limit. The State Police later reconstructed the accident and determined that Campos' speed five seconds prior to his impact with Brown's tractor had been 81 miles per hour.

[5] On January 4, 2017, Campos was charged with Count 1, Level 6 felony OVWI with a prior conviction and Count 2, Class A misdemeanor OVWI endangering a person. The State later amended the charging information to add Count 3, Level 4 felony OVWI causing death and to allege that Campos was an habitual offender. Campos pled guilty to his Level 4 felony OVWI causing death charge and to being an habitual offender on August 24, 2017. In exchange for Campos' guilty plea, the State agreed to dismiss Counts 1 and 2.

---

[4] His result is not in the record.

[6]     At Campos' sentencing hearing, the State introduced Campos' pre-sentence investigation report ("PSI"). The PSI revealed that Campos had an extensive criminal history, which included three prior felony convictions, eight misdemeanor convictions, and four probation violations. Campos also had one pending felony charge in a separate cause. His prior convictions included violent crimes such as Class B felony burglary and Class A misdemeanor battery resulting in bodily injury, as well as multiple drug and alcohol related crimes, among others. According to the PSI, Campos had admitted to using methamphetamines for fifteen years and to using marijuana daily for twenty-five years. He had also overdosed on heroin in 2015.

[7]     At the conclusion of the sentencing hearing, the trial court noted that Campos' offense was "probably the worst Level 4 felony that [it had] ever seen" and that it was a "little bit shocking" for the offense to be charged as only a Level 4 felony. (Tr. Vol. 2 at 55). Specifically, the court found the following circumstances to be aggravating factors: (1) the nature and circumstances of Campos' offense; (2) the substantial negative impact on Brown's family; (3) Campos' criminal history; (4) Campos' prior probation violations; (5) Campos' lengthy history of criminal behavior that did not result in convictions, including his extended drug use; and (6) the victim's age. The trial court found as mitigating factors that Campos had expressed remorse and pled guilty. The court sentenced Campos to twelve (12) years for his OVWI causing death conviction and enhanced that sentence by eighteen (18) years for his habitual

offender adjudication.  In total, the trial court sentenced Campos to thirty (30) years executed.  Campos now appeals.

# Decision

[8]  On appeal, Campos argues that his sentence was inappropriate and asks us to revise it to a lesser sentence.  Under Indiana Appellate Rule 7(B), we may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender.  The defendant has the burden of persuading us that his sentence is inappropriate.  *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).  The principal role of a Rule 7(B) review is "to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case."  *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).  Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case."  *Id*. at 1224.

[9]  When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed."  *Childress*, 848 N.E.2d at 1081.  A Level 4 felony carries a sentencing range of two (2) to twelve (12) years, with an advisory sentence of six (6) years.  I.C. § 35-50-2-5.5.  An additional term of six (6) to twenty (20) years may be added to that sentence if the defendant is adjudicated to be an habitual offender.  I.C. § 35-50-2-8(i)(1).  As the trial court

sentenced Campos to an aggregate term of thirty (30) years, his sentence was two (2) years less than the maximum sentence he could have received. Campos argues that this sentence was inappropriate in light of the nature of his offense and his character. We disagree.

[10] As for the nature of his offense, Campos was driving 81 miles per hour five seconds before he crashed into, and killed, Brown. Campos had been drinking for three days and admitted that he had drunk 15 Budweiser beers before driving that night. After Trooper Black administered a portable blood test, Campos laughed when he asked what his result was. Then, investigators later determined that his blood alcohol level was .289, over three times the legal limit.

[11] Turning to Campos' character, we note that Campos has numerous criminal convictions, a lengthy history of criminal behavior that did not result in convictions, and a lengthy history of substance abuse. Specifically, he has three prior felony convictions, one pending felony charge, eight misdemeanor convictions, and four probation violations. He was on probation when he committed the instant offense. He also has admitted that he used marijuana daily for twenty-five years, used methamphetamines for fifteen years, and overdosed on heroin. Campos' length criminal history and behavior, as well as his numerous probation violations, demonstrate that he has little respect for the law.

In light of the nature of Campos' offense and his character, he has failed to show that his sentence was inappropriate.

Affirmed.

Vaidik, C.J., and Barnes, J., concur.